UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL HANSON,<br><br>       Petitioner,<br><br>      v.<br><br>UNKNOWN,<br><br>       Respondent. | Case No.: 1:14-cv-01049-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO PROSECUTE<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on June 27, 2014. (Doc. 1).

**PROCEDURAL HISTORY**

After conducting a preliminary screening of the petition, the Court, on July 7, 2014, issued an order requiring Petitioner to file a motion to substitute the name of the proper respondent, i.e., Warden Kim Holland, for the named respondent ("Unknown"), within thirty days. (Doc. 6). Over nine months have elapsed and Petitioner has not responded to the Court's order.

**DISCUSSION**

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v.

1  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

2  The Court finds the public's interest in expeditiously resolving this litigation and the Court's
3  interest in managing the docket weigh in favor of dismissal, as this case has been pending since June
4  27, 2014.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a
5  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
6  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
7  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
8  discussed herein.  Finally, a court's warning that failure to obey the court's order will result in dismissal
9  satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone,
10 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order of July 7, 2014, expressly stated:
11 "Petitioner is forewarned that his failure to comply with this order may result in an Order of Dismissal
12 or a Recommendation that the petition be dismissed pursuant to Local Rule110."  (Doc. 6, p. 3). Thus,
13 Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's
14 order.

### RECOMMENDATION

16 Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be
17 DISMISSED for failure to prosecute and failure to comply with the Court's orders.
18 This Findings and Recommendation is submitted to the United States District Court Judge
19 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
20 Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days**
21 after being served with a copy of this Findings and Recommendation, any party may file written
22 objections with the Court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendation."
24 ///
25 ///
26 ///
27 ///
28 ///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 17, 2015**                    /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE